[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

No. 06-11958
Non-Argument Calendar

_____

D. C. Docket No. 05-00381-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLAS LASTRA GUERRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 29, 2006)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Blas Lastra Guerrero ("Guerrero") appeals his 135-month sentence for

conspiracy to possess with intent to distribute 5 or more kilograms of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a),(g),(j), and possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel, in violation of 46 App. U.S.C. §1903(a),(g). On appeal, Guerrero first argues that his sentence was unreasonable because the district court did not take into account his limited and unsophisticated role in the conspiracy. Second, he argues that he pled to only 350 kilograms of cocaine and that the district court erred in using a higher amount in sentencing.

We turn first to Guerrero's argument regarding the reasonableness of his sentence. Guerrero claims that he does not deserve an 11.25-year sentence because: (1) he had no interest in the drugs, as he was merely a "grunt"; and (2) he is an old man from a poor country, which under § 3553(a) warrants a less severe sentence.

We review sentences under the post-Booker advisory guideline regime for "unreasonable[ness]." United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). Review for reasonableness is deferential. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In the wake of Booker, we have established a two-step process for sentencing. The district court must first correctly calculate the defendant's guideline range. We have rejected the notion that a sentence within the guidelines

2

is per se reasonable, Talley, 431 F.3d at 787, but "when the district court imposes a sentence within the advisory Guidelines range, [we] ordinarily will expect that choice to be a reasonable one." Id. at 788. Having calculated the proper range, the sentencing court, using the § 3553(a) sentencing factors, can impose a more severe or more lenient sentence, so long as the sentence is still reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). In Booker, the Supreme Court directed sentencing courts to consider the following factors in imposing sentences under the advisory guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 261, 125 S.Ct. at 765-66.

The district court correctly calculated Guerrero's guidelines range to be 135-168 months. The court then took into account Guerrero's background, his lack of education and his poverty, balancing that against the need to deter crime, the

3

seriousness of the offense, and the quantity of drugs involved. It sentenced him to 135 months, the bottom of the guidelines range. Because the court properly considered the § 3553(a) factors, and sentenced Guerrero to the low end of the guideline range, we cannot find that his sentence was unreasonable.

Guerrero next argues that he pled only to 350 kilograms of cocaine, and that the district court erred in using a higher amount in sentencing, thus violating Booker, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and the Sixth Amendment.

The guidelines assign a base offense level of 38 where, as here, a defendant is held accountable for 150 kilograms or more of cocaine and no death or bodily injury results. See U.S.S.G. § 2D1.1(a)(3)(c)(1). Therefore, whether the sentencing court used 350 kilograms, as Guerrero argues it should have, or 550 kilograms, as he argues that it did, the error had no impact on his sentencing range. We have found that a miscalculation in the guideline calculation is harmless where it does not change the outcome of the sentencing range. United States v. Wilson, 901 F.2d 1000, 1002 n.2 (11th Cir. 1990) (in the context of criminal history category remaining unchanged). As Guerrero concedes, the increased amount of drugs attributed to him at sentencing made no difference in his offense level under the guideline provisions. Therefore, even assuming there was an error, it was harmless.

4

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

Accordingly, we affirm.

**AFFIRMED.**